**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AHPW, INC.; ROBERT C. ARTHUR; PATRICIA B. ARTHUR; BETHWELL HENRY; MARIHNE HENRY, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE OF POHNPEI; FEDERATED STATES OF MICRONESIA DEVELOPMENT BANK; HILLARY RODHAM CLINTON, Secretary of State; KEN SALAZAR, Secretary of Interior, in their official capacities, <br><br> Defendants - Appellees. | No. 09-17871 <br><br> D.C. No. 1:09-cv-00018 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted October 14, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and RAWLINSON, Circuit Judges.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

AHPW, Inc., Robert C. Arthur, Patricia B. Arthur, Bethwell Henry, and Marihne Henry (collectively Appellants), a business and its co-owners in the State of Pohnpei, Federated States of Micronesia (FMA), challenge the district court's grant of Defendants-Appellees' motion to dismiss for lack of subject matter jurisdiction. Appellants also challenge the district court's dismissal of their complaint without leave to amend.

1.      The district court correctly ruled that it lacked subject matter jurisdiction pursuant to the Compact of Free Association (Compact) or the Agreement Regarding the Investment Development Fund (Agreement). Congress did not explicitly or implicitly provide for a private right of action or a private remedy pursuant to the Compact or the Agreement, whether classified as a treaty or a statute. *See Cort v. Ash*, 422 U.S. 66, 78 (1975) (setting forth the factors to be considered in determining the existence of an implied right of action); *see also Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979) (clarifying that the ultimate test is "whether Congress intended to create, either expressly or by implication, a private cause of action"). Nothing in the language of the Compact or the Agreement expresses an intent to benefit individual business owners. Rather, the intent of the Compact and Agreement is to encourage commercial enterprises in

the FMA and increase economic development and trade between the United States and the FMA. *See* 48 U.S.C. § 1921 (2003) (focusing on the relationship between the FMA and the United States).

The same analysis applies when considering treaty provisions. *See Cornejo v. County of San Diego,* 504 F.3d 853, 856-57 (9th Cir. 2007) (focusing on whether "Congress, by ratifying the [treaty] intended to create private rights and remedies . . ."). Because there is no express or implied Congressional intent to that effect in either the Compact or the Agreement, the district court lacked subject matter jurisdiction. *See* 28 U.S.C. § 1331; *see also Merrill Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (explaining that a suit "arises under" federal law if federal law creates the cause of action or if plaintiff's right to relief turns on a question of federal law) (citation omitted).

**2.** Neither did the district court err when it dismissed the case for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA). The State of Pohnpei would not be immune from suit if the "action is based upon a commercial activity carried on in the United States by the foreign state; . . . or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the

United States." 28 U.S.C. § 1605(a)(2); *see also* 28 U.S.C. § 1330 (conferring jurisdiction where state not entitled to sovereign immunity); *see also Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1082-83 (9th Cir. 2001), *as amended*.

The commercial activity conducted by the Appellants (exporting peppercorns and trochus buttons) occurred entirely in the FMA and had no direct effect in the United States. The asserted commercial activities by the State of Pohnpei (depriving the American market of peppercorns and trochus buttons) was totally distinct from the allegedly negligent act (failure to correctly complete loan documents) and also occurred solely in the FMA. Neither activity met the requirements of a commercial activity carried on in the United States by a foreign state or a commercial activity in a foreign state that causes a direct effect in the United States. Therefore, the commercial activity exception did not apply, and no jurisdiction existed over the foreign state. *See Holden v. Canadian Consulate*, 92 F.3d 918, 920 (9th Cir. 1996) (explaining that the FSIA does not confer jurisdiction under the "commercial activities" exception unless the cause of action is based upon "the commercial activity in question") (citation omitted).

Appellants' reliance on the FSIA's exception for tortious acts by a foreign state, *see* 28 U.S.C. § 1605(a)(5), is also unavailing. "The tortious activity exception provides jurisdiction over tort actions not encompassed in the

commercial activity exception in which money damages are sought against a foreign state for damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state." *Joseph v. Office of Consulate General of Nigeria*, 830 F.2d 1018, 1025 (9th Cir. 1987) (citation, alteration, and internal quotation marks omitted). Because the tortious activities did not occur in the United States, the tortious activity exception does not apply. *See id.*

3.     The district court acted within its discretion when it dismissed the action with prejudice. Pursuant to Fed. R. Civ. P. 15(a)(2), it is within the discretion of the district court to deny leave to amend when it determines that amendment would be futile. *Calvalho v. Equifax Information Services, LLC*, 615 F.3d 1217, 1232 (9th Cir. 2010), *amended by* 629 F.3d 876 (9th Cir. 2010). "When the district court denies leave to amend because of futility of amendment, we will uphold such denial if it is clear, upon *de novo* review, that the complaint would not be saved by any amendment." *Id*. (citation and internal quotation marks omitted).

   **AFFIRMED.**